# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**  **2. PLEASE TYPE OR PRINT**  **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Marianne T. O'Toole et al v. The City of New York et al | Southern District of New York | Laura Taylor Swain |

| | Date the Order or Judgment Appealed from was Entered on the Docket:<br>3-6-17, 2-27-2018, 7-7-2022 | District Court Docket No.:<br>15-cv-6885 |
|---|---|---|
| | Date the Notice of Appeal was Filed:<br>4-14-26 | Is this a Cross Appeal?<br>☐ Yes  ✔ No |

**Attorney(s) for Appellant(s):**
✔ Plaintiff
☐ Defendant

Counsel's Name:  Address:  Telephone No.:  Fax No.:  E-mail:

John Scola 90 Broad Street, 10th Floor, NY, NY 10004, 917-423-1445, Fax 914-302-4099, jscola@johnscolalaw.com

**Attorney(s) for Appellee(s):**
☐ Plaintiff
✔ Defendant

Counsel's Name:  Address:  Telephone No.:  Fax No.:  E-mail:

NYC Law Department 100 Church Street, NY, NY 10007, ServiceECF@law.nyc.gov

| Has Transcript Been Prepared?<br>N/A | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ✔ No<br>If Yes, provide the following:<br>Case Name:<br>2d Cir. Docket No.:  Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

**ADDENDUM "A":** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

**ADDENDUM "B":** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A: JURISDICTION

**1. Federal Jurisdiction**

☐ U.S. a party  ☐ Diversity

✔ Federal question (U.S. not a party)  ☐ Other (specify): _____

**2. Appellate Jurisdiction**

✔ Final Decision  ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))

☐ Interlocutory Decision Appealable As of Right  ☐ Other (specify): _____

### IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.

FORM C (Rev. October 2025)

**PART B: DISTRICT COURT DISPOSITION** (Check as many as apply)

**1. Stage of Proceedings**

- ✔ Pre-trial
- ☐ During trial
- ☐ After trial

**2. Type of Judgment/Order Appealed**

- ☐ Default judgment
- ☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- ✔ Dismissal/FRCP 12(b)(6) failure to state a claim
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- ☐ Dismissal/other jurisdiction
- ☐ Dismissal/merit
- ☐ Judgment / Decision of the Court
- ✔ Summary judgment
- ☐ Declaratory judgment
- ☐ Jury verdict
- ☐ Judgment NOV
- ☐ Directed verdict
- ☐ Other (specify):

**3. Relief**

- ✔ Damages:
  - ☐ Sought: $ _____
  - ☐ Granted: $ _____
  - ☐ Denied: $ _____
- ☐ Injunctions:
  - ☐ Preliminary
  - ☐ Permanent
  - ☐ Denied

**PART C: NATURE OF SUIT** (Check as many as apply)

**1. Federal Statutes**

- ☐ Antitrust
- ☐ Bankruptcy
- ☐ Banks/Banking
- ☐ Civil Rights
- ☐ Commerce
- ☐ Energy
- ☐ Commodities
- ✔ Other (specify): First Amendment
- ☐ Communications
- ☐ Consumer Protection
- ☐ Copyright ☐ Patent
- ☐ Trademark
- ☐ Election
- ☐ Soc. Security
- ☐ Environmental
- ☐ Freedom of Information Act
- ☐ Immigration
- ☐ Labor
- ☐ OSHA
- ☐ Securities
- ☐ Tax

**2. Torts**

- ☐ Admiralty/ Maritime
- ☐ Assault / Defamation
- ☐ FELA
- ☐ Products Liability
- ☐ Other (Specify):

**3. Contracts**

- ☐ Admiralty/ Maritime
- ☐ Arbitration
- ☐ Commercial
- ✔ Employment
- ☐ Insurance
- ☐ Negotiable Instruments
- ☐ Other Specify

**4. Prisoner Petitions**

- ☐ Civil Rights
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Parole
- ☐ Vacate Sentence
- ☐ Other

**5. Other**

- ☐ Hague Int'l Child Custody Conv.
- ☐ Forfeiture/Penalty
- ☐ Real Property
- ☐ Treaty (specify): _____
- ☐ Other (specify): _____

**6. General**

- ☐ Arbitration
- ☐ Attorney Disqualification
- ☐ Class Action
- ☐ Counsel Fees
- ☐ Shareholder Derivative
- ☐ Transfer

**7. Will appeal raise constitutional issue(s)?**

- ☐ Yes    ☐ No

Will appeal raise a matter of first impression?

- ☐ Yes    ☐ No

1. Is any matter relative to this appeal still pending below? ✔ Yes, specify: State Court action and Appeal     ✔ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A)  Arises from substantially the same case or controversy as this appeal?   ✔ Yes   ☐ No

   (B)  Involves an issue that is substantially similar or related to an issue in this appeal?   ✔ Yes   ☐ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: Raymond v. City et al | Docket No. 520291/2022 | Citation: Pending | Court or Agency: Kings County Supreme Court |
|---|---|---|---|

Name of Appellant: Edwin Raymond- 2nd Case Raymond v. City et al 2nd Dept. Appellate Division. Case No 2024-10854

| Date: | Signature of Counsel of Record: |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.

2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.

3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. October 2025)

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
*Raymond, et al. v. City of New York, et al.*
On Appeal from S.D.N.Y. No. 15-CV-6885 (LTS-SLC) (Swain, C.J.)

## ADDENDUM "A"

### Nature of the Action

This is a civil-rights action by Black and Latino NYPD officers alleging that the Department maintains an illegal arrest, summons, and stop-and-frisk quota system in violation of New York Labor Law § 215-a, and enforces it through racially disparate performance evaluations, placement in the Performance Monitoring Program, and discipline. Plaintiffs further allege First Amendment retaliation for internal and external complaints (including testimony in *Floyd v. City of New York*). The seventeen-count Amended Complaint asserted claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, the First and Fourteenth Amendments, the NYSHRL, the NYCHRL, Labor Law § 215-a, and Article 1, § 8 of the New York State Constitution, and sought damages, declaratory and injunctive relief, and certification of a class of approximately 6,000 minority NYPD officers.

### Result Below

1. **MTD Order (Mar. 6, 2017, ECF No. 60).** Dismissed the Amended Complaint in full. The § 215-a, §§ 1985–86, and Article 1 § 8 claims were dismissed with prejudice; §§ 1981/1983, NYSHRL, NYCHRL, First Amendment, and injunctive-relief claims were dismissed with leave to replead.

2. **SAC Leave Order (June 27, 2018, ECF No. 86).** Granted leave only as to limited individual federal claims by Raymond, Gonzalez, Baez, and Serrano against Tsachas and McCormack (and parallel state-law claims). Denied leave as to the putative class, all proposed claims against Mayor de Blasio, Tucker, and Richardson, the permanent-injunction claim, and all federal discrimination and First Amendment retaliation claims of Polanco, Diaz, Whitely, Goris, Waller, Abdullah, Olagoke, and Pierre.

3. **SJ Order (July 7, 2022, ECF No. 322).** Granted summary judgment dismissing all of Plaintiff Raymond's remaining federal claims, declined supplemental jurisdiction over his parallel NYSHRL/NYCHRL claims (dismissed without prejudice), and terminated Raymond as a party.

4. **Final Judgment (Apr. 1, 2026, ECF No. 438).** Final judgment closing the action; Notice of Appeal timely filed Apr. 14, 2026 (ECF No. 439).

**Attachments**

(1) Notice of Appeal (ECF No. 439); (2) current district court docket sheet for No. 15-CV-6885; (3) MTD Opinion (ECF No. 60); (4) SAC Leave Opinion (ECF No. 86); (5) SJ Opinion (ECF No. 322); (6) Final Judgment (ECF No. 438). No relevant bench or chambers rulings require transcription.

## ADDENDUM "B"

Plaintiffs-Appellants intend to raise the following issues. They reserve the right to refine or supplement these issues following review of the appellate record.

**Issue 1.** Whether the District Court erred in dismissing Plaintiffs' racial-discrimination claims under 42 U.S.C. §§ 1981 and 1983 (and parallel NYSHRL/NYCHRL claims) for failure to plausibly plead intentional discrimination, both at the motion-to-dismiss stage (ECF No. 60) and at the leave-to-amend stage (ECF No. 86).

*Standard of review:* De novo. Lynch v. City of New York, 952 F.3d 67, 74–75 (2d Cir. 2020); Hutchison v. Deutsche Bank Sec. Inc., 647 F.3d 479, 490 (2d Cir. 2011) (futility-based denial of leave to amend reviewed de novo).

**Issue 2.** Whether the District Court erred in dismissing Plaintiffs' New York Labor Law § 215-a claim on the ground that the statute affords no implied private right of action.

*Standard of review:* De novo. Cruz v. TD Bank, N.A., 742 F.3d 520, 521 (2d Cir. 2013).

**Issue 3.** Whether the District Court erred in dismissing Plaintiffs' §§ 1985(3) and 1986 conspiracy claims under the intracorporate-conspiracy doctrine.

*Standard of review:* De novo. Anemone v. Metro. Transp. Auth., 629 F.3d 97, 113 (2d Cir. 2011).

**Issue 4.** Whether the District Court erred in dismissing Plaintiffs' First Amendment retaliation claims, both at the motion-to-dismiss stage and in denying leave to replead them in the proposed Second Amended Complaint, on the asserted ground that Plaintiffs failed to plead causation and personal involvement.

*Standard of review:* De novo. Smith v. Cnty. of Suffolk, 776 F.3d 114, 117–18 (2d Cir. 2015); Matthews v. City of New York, 779 F.3d 167, 172 (2d Cir. 2015).

**Issue 5.** Whether the District Court erred in denying Plaintiffs leave to pursue this case as a putative class action under Federal Rule of Civil Procedure 23(b)(2) on behalf of

approximately 6,000 Black and Latino NYPD officers, and in denying leave to seek permanent injunctive relief.

***Standard of review:*** Abuse of discretion, with underlying legal conclusions reviewed de novo. Roach v. T.L. Cannon Corp., 778 F.3d 401, 405 (2d Cir. 2015); Salinger v. Colting, 607 F.3d 68, 74 (2d Cir. 2010).

**Issue 6.** Whether the District Court erred in granting summary judgment against Plaintiff Edreweene Raymond on his §§ 1981/1983 racial-discrimination and First Amendment retaliation claims against Defendant Tsachas, where the record evidence raised genuine disputes of material fact as to discriminatory motive, causation, and pretext, and erred to the extent it sustained the qualified-immunity defense.

***Standard of review:*** De novo. Tolan v. Cotton, 572 U.S. 650, 656–57 (2014); Outlaw v. City of Hartford, 884 F.3d 351, 366 (2d Cir. 2018).

**Issue 7.** Whether the District Court abused its discretion in declining to exercise supplemental jurisdiction over Plaintiff Raymond's NYSHRL and NYCHRL claims.

***Standard of review:*** Abuse of discretion. Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 81–82 (2d Cir. 2018).

***Reservation.*** Plaintiffs-Appellants reserve the right to raise such additional issues, and to refine the foregoing, as may be appropriate after preparation of the appellate record.

Dated: New York, New York
　　　　April ——, 2026

Respectfully submitted,
**NWOKORO & SCOLA, ESQUIRES**
Attorneys for Plaintiffs-Appellants
By: /s/ John A. Scola
John A. Scola, Esq.
90 Broad Street, Suite 1023, New York, NY 10004
(917) 423-1445 • jscola@johnscolalaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

EDREWEENE RAYMOND, ADHYL POLANCO,                    Docket No.: No. 15-CV-6885

PEDRO SERRANO, SANDY GONZALEZ, RITCHIE

BAEZ, JULIO DIAZ, FELICIA WHITELY, ROMAN GORIS,      **NOTICE OF APPEAL**

DERICK WALLER, KAREEM ABDULLAH,

OLAYOKUN OLAGOKE, and WIDMARC PIERRE,

individually and on behalf of a class of all others similarly situated,

                Plaintiffs,

   -against-

THE CITY OF NEW YORK, MAYOR OF THE CITY OF NEW YORK,

FORMER POLICE COMMISSIONER WILLIAM J. BRATTON,

POLICE COMMISSIONER JAMES P. O'NEILL, NYPD

CHIEF OF DEPARTMENT CARLOS GOMEZ, BUREAU CHIEF NYPD

COMMANDING OFFICER OF PATROL SERVICES TERENCE

MONAHAN, CHRISTOPHER McCORMACK, and

CONSTANTIN TSACHAS,

                Defendants.

-------------------------------------------------------------------

**PLEASE TAKE NOTICE** that Plaintiffs Edreweene Raymond, Adhyl Polanco, Julio Diaz, Felicia Whitely, Roman Goris, Derick Waller, Kareem Abdullah, Olayokun Olagoke, and Widmarc Pierre, by and through their undersigned counsel, hereby appeal to the United States Court of Appeals for the Second Circuit from the following Orders of the United States District Court for the Southern District of New York (Swain, C.J.), and from the final judgment entered in the above-captioned action:

    1.    The Memorandum Opinion and Order entered on March 6, 2017 (Docket Entry No. 60), granting Defendants' motion to dismiss the Amended Complaint, as to Plaintiffs Adhyl Polanco, Julio Diaz, Felicia Whitely, Roman Goris, Derick Waller, Kareem Abdullah, Olayokun Olagoke, and Widmarc Pierre, and as to Plaintiff Edreweene Raymond with respect to those claims dismissed thereby;

2.      The Memorandum Opinion and Order entered on June 27, 2018 (Docket Entry No. 86), granting in part and denying in part Plaintiffs' motion for leave to file a Second Amended Complaint, as to Plaintiffs Adhyl Polanco, Julio Diaz, Felicia Whitely, Roman Goris, Derick Waller, Kareem Abdullah, Olayokun Olagoke, and Widmarc Pierre, and as to Plaintiff Edreweene Raymond with respect to those claims denied thereby;

3.      The Memorandum Opinion and Order entered on July 7, 2022 (Docket Entry No. 322), granting in part Defendants' motion for summary judgment, as to Plaintiff Edreweene Raymond; and

4.      The final judgment and any and all interlocutory orders, rulings, and decisions that merged into, or are otherwise subsumed within, the final judgment closing the above-captioned action entered on April 1, 2026 (Docket Entry No. 438).

This appeal is taken by Plaintiffs Edreweene Raymond, Adhyl Polanco, Julio Diaz, Felicia Whitely, Roman Goris, Derick Waller, Kareem Abdullah, Olayokun Olagoke, and Widmarc Pierre.

Dated: New York, New York
       April 14 2026

                                        Respectfully submitted,

                                        NWOKORO & SCOLA, ESQUIRES
                                        Attorneys for Plaintiffs-Appellants


                                        By: /s/ John A. Scola
                                            John A. Scola, Esq.
                                            90 Broad Street, Suite 1023
                                            New York, NY 10004
                                            (917) 423-1445
                                            jscola@johnscolalaw.com

TO:    Clerk of the Court

United States District Court
Southern District of New York
500 Pearl Street, New York, NY 10007

Muriel Goode-Trufant

Corporation Counsel of the City of New York
Attorneys for Defendants
100 Church Street
New York, New York 10007